UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT MEL GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 15-00272-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.

## INTRODUCTION

Vincent Mel Gonzales ("Plaintiff") challenges the Commissioner's denial of his applications for a period of disability and disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") following an administrative law judge's ("ALJ") decision that he was not disabled. Administrative Record ("AR") 34. For the reasons stated below, the Commissioner's decision is AFFIRMED.

///

///

///

///

## II.

## PROCEEDINGS BELOW

On October 29, 2009, Plaintiff applied for DIB and SSI alleging disability beginning January 27, 2001 (his alleged onset date ("AOD")). AR 134. Plaintiff's claims were denied initially on April 23, 2010, and upon reconsideration on September 16, 2010. *Id.* On November 9, 2010, Plaintiff filed a written request for hearing, which took place on June 14, 2011. *Id.* Represented by counsel, Plaintiff appeared and testified at that hearing, as did an impartial vocational expert ("VE"). *Id.* On August 2, 2011, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act,[1] from the AOD through the decision date. *Id.* at 144-45. On September 27, 2012, the Appeals Council granted Plaintiff's request for review of the ALJ's decision and vacated and remanded for resolution of certain enumerated issues. *See id.* at 152-54. Relevant to this action, the Appeals Council instructed the ALJ to give consideration to new and material evidence submitted by Donald J. Feldman, M.D. ("Dr. Feldman"). *Id.* at 153.

On remand, a second administrative hearing was held on May 10, 2013. *Id.* at 14. Represented by counsel, Plaintiff appeared and testified, as did an impartial VE and an impartial medical expert ("ME"). *Id.* On June 18, 2013, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from the AOD through the decision date. *Id.* at 34. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. *Id.* at 1-6. Plaintiff filed this action on February 17, 2015. Dkt. No. 1.

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled. 20 C.F.R. §§ 404.1520, 416.920; *see also Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

2

not engaged in substantial gainful activity since the AOD. AR 17. At **step two**, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease ("DDD"), lumbar spine, status post fusion and hardware removal; DDD of cervical spine with left arm and hand numbness; mood disorder, not otherwise specified ("NOS"); anxiety disorder, NOS; chronic pain disorder; and personality disorder, NOS. *Id.* At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. at 18 (citations omitted). At **step four**, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform light work…. Specifically, he can lift and/or carry 20 pounds occasionally; and 10 pounds frequently; stand and/or walk with normal breaks for a total of six hours of an eight-hour workday; sit with normal breaks for a total of six hours of an eight-hour workday; frequent for gross manipulation with left non-dominant hand; postural limitations all occasional; and no ladders, ropes, scaffolds, bending or stooping. He is limited to simple tasks, object oriented, habituated setting, and no safety related operations, fast moving or hazardous machinery or highly fast-paced work, such as a fast-paced assembly line.

*Id.* at 21. Given his RFC, the ALJ found that Plaintiff could not perform any past relevant work. *Id.* at 32. At **step five**, however, the ALJ found that there were jobs existing in significant number in the national economy that Plaintiff could perform, and thus concluded that Plaintiff was not disabled. *Id*. at 32-33.

### III.
### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence'

means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV.

## DISCUSSION

Plaintiff contends that the ALJ impermissibly "rejected"[2] the opinion of Dr. Feldman—an agreed psychiatric medical examiner who conducted a mental status

---

[2] Plaintiff's argument heading states that the ALJ "rejected" Dr. Feldman's opinion. Memorandum in Support of Plaintiff's Complaint ("Pl. Memo.") at 7. However, the ALJ actually accorded Dr. Feldman's opinion "partial weight." AR 32.

examination of Plaintiff in connection with his state workers' compensation claim on July 16, 2011—without providing specific and legitimate reasons for doing so. Pl. Memo. at 7-18; AR 25, 31-32, 871-910. Defendant, in turn, contends that the ALJ's assessment is supported by substantial evidence and is free of harmful legal error. *See* Memorandum in Support of Defendant's Answer ("Def. Memo.") at 3-9.

### A. <u>Applicable Law</u>

An ALJ is obligated to consider medical opinions of record, resolve conflicts in medical testimony, and analyze evidence. 20 C.F.R. §§ 404.1527(c), 416.927(c); *Magallanes,* 881 F.2d at 750. Courts give varying degrees of deference to medical opinions depending on the opinion provider: (1) "treating physicians" who examine and treat; (2) "examining physicians" who examine, but do not treat; and (3) "non-examining physicians" who do not examine or treat. *See Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Opinions of treating or examining physicians are entitled to greater weight than those of non-examining physicians. *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014) (citing *Ryan,* 528 F.3d at 1198). If an examining physician's opinion is contradicted by another doctor, the ALJ can reject his or her opinion only if he provides specific and legitimate reasons supported by substantial evidence in the record. *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014); *Garrison,* 759 F.3d at 1012; *see also Ryan,* 528 F.3d at 1198.

### B. <u>ALJ's Opinion</u>

Here, the ALJ accorded Dr. Feldman's examining physician opinion[3] "partial weight," stating, in part, as follows:

> In an agreed medical evaluation of the claimant on July 16, 2011, Dr. Feldman opined that the claimant has no impairment to moderate impairment in activities of daily living; no impairment to mild impairment in social functioning; no

---

[3] In his opinion, the ALJ separately and thoroughly considered 15 medical opinions (seven of which were related to Plaintiff's mental impairments), and the assessment of a licensed clinic social worker. *See* AR 27-32.

impairment to moderate impairment in concentration; no impairment to moderate impairment in adaptation; moderate disability in maintaining pace; moderate disability in complex and varied tasks; slight to moderate disability in dealing with people; slight to moderate disability in influencing people; moderate disability in making decisions; and slight to moderate disability in accepting and carrying out responsibility. Again, these ratings are under workers' compensation guidelines, which are not the same criteria used to determine disability under the Social Security Act. Furthermore, Dr. Feldman was internally inconsistent with his own findings. He opined only mild impairment in social functioning, yet he assessed a GAF of 55, which indicates the claimant with moderate difficulty in social functioning and he assessed the claimant with moderate disability in dealing or influencing people, which has been considered in the [RFC]. Dr. Feldman opined moderate impairment in activities of daily living, which is not supported by the objective evidence as previously discussed in the credibility findings. The claimant's assessed moderate limitations in concentration, in maintaining pace, in comprehending and following instructions and in complex and varied tasks, corresponds to the [RFC].

AR 31-32 (citations omitted).

C. <u>Analysis</u>

The ALJ accorded Dr. Feldman's opinion "partial weight," and adopted some but not all of the limitations identified in Dr. Feldman's agreed medical evaluation, for three reasons: (1) Dr. Feldman's ratings are under state workers' compensation guidelines, which differ from social security criteria; (2) Dr. Feldman's findings are inconsistent; and (3) Dr. Feldman's opinion that Plaintiff is moderately impaired in terms of activities of daily living ("ADLs") is not supported by objective evidence.

    1.    <u>Workers' Compensation Guidelines</u>

Plaintiff contends that "the fact that Dr. Feldman's opinion is presented in the context of worker[s'] compensation is not a reason to reduce the weight afforded to it." Pl. Memo. 12. ALJs may not disregard an opinion because it was "elicited in a

… workers' compensation proceeding," *Booth v. Barnhart,* 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002), but *may* accord less weight to a disability rating designated under a different system, *i.e.*, workers' compensation, if that determination is based on persuasive, specific, and valid reasons. *Aranda v. Colvin,* 2015 WL 2409227, at *6 (C.D. Cal. May 20, 2015). Here, after summarizing Dr. Feldman's opinions as to Plaintiff's impairments, the ALJ noted that Dr. Feldman's "ratings [were] under [state] workers' compensation guidelines, which are not the same criteria used to determine disability under the Social Security Act." AR 32. That finding alone is not a persuasive, specific, or valid reason to accord less weight to a disability rating designated under the workers' compensation guidelines. *Cf. Berry v. Astrue,* 622 F.3d 1228, 1236 (9th Cir. 2010) (the fact that the Social Security Administration is not bound by a Department of Veterans Affairs decision—because their governing rules differ—is not a persuasive, specific, or valid reason to discount that decision).

Thus, the ALJ's first reason is neither a specific nor legitimate reason.

### 2. **Internal Inconsistency**

Plaintiff contends that Dr. Feldman's opinion is not internally inconsistent, and that the ALJ's reference to inconsistency in Dr. Feldman's opinion seems to be a "misstatement" because "the subset of social functioning that the ALJ apparently believes is inconsistent from the whole is actually rated slight to moderate, not just moderate as the ALJ asserts." Pl. Memo. at 13.

Plaintiff has not identified the particular subset to which he is referring; and the AR page cited contains two "slight to moderate" ratings. AR 895.[4] Regardless,

---

[4] Those two "slight to moderate" ratings state that Plaintiff has "Slight to Moderate disability in Relating to Other People Beyond Giving and Receiving Instructions, getting along with co-workers, performing work requiring negotiating with, explaining and persuading because of reduced self-esteem, and responding appropriately to evaluation and criticism[,]" and "Slight to Moderate disability in Influencing People. Reduced self-esteem, depression and anxiety will cause disability convincing or directing others, interacting appropriately with others." AR 895. There is a third "slight to moderate" rating on the following page. *Id.* at 896.

in finding that Dr. Feldman was internally inconsistent with his own findings, *id.* at 32, it is unlikely that the ALJ was referring to the "subsets" Plaintiff has identified. Rather, in noting that Dr. Feldman found Plaintiff's social functioning to be "mildly impaired," the ALJ appears to have been referring to the preceding page of the AR. *Id.* at 32, 894. On that page, under "Social functioning[,]" the ALJ assessed Class 1 (no impairment) to Class 2 (mild impairment) ratings. *Id.* at 894. Also on the page, however, Dr. Feldman assessed Plaintiff with a Global Assessment of Functioning ("GAF")[5] score of 55, which indicates *moderate* symptoms or *moderate* difficulty in social functioning. *Id.*; DSM-IV. Accordingly, Dr. Feldman's social functioning and GAF score assessments are inconsistent.

Internal inconsistencies are a valid reason to accord less weight to a medical opinion. *See Pipkin v. Astrue*, 2013 WL 572079, at *3 (C.D. Cal. Feb. 13, 2013) (ALJs may consider whether an opinion is internally inconsistent in determining the weight to give the evidence); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding an ALJ's rejection of a medical opinion that was internally inconsistent); *Khan v. Colvin*, 2014 WL 2865173, at *7 (C.D. Cal. June 24, 2014) ("The ALJ's first reason for rejecting Dr. Multani's opinion–*to wit*, that his opinion was internally inconsistent–is specific and legitimate.").

Thus, the ALJ's second reason is a specific and legitimate reason.

### 3. **Opinion Regarding Activities Of Daily Living**

Dr. Feldman opined that Plaintiff has moderate impairments in certain ADLs. AR 894. The ALJ found that Dr. Feldman's opinion is not supported by the record, which does not show moderate impairments. *Id.* at 32. Plaintiff contends that the ALJ's finding is a mischaracterization because Dr. Feldman found that Plaintiff was

---

[5] A GAF score is the clinician's judgment of the individual's overall level of functioning. It is rated with respect only to psychological, social, and occupational functioning, without regard to impairments in functioning due to physical or environmental limitations. *See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* ("DSM-IV"), at 32 (4th ed. 2000).

8

moderately limited only in sexual interest, activities, and sleep, and did not find any "moderate impairment[s] in the [ADLs] that the ALJ believes reflect negatively on credibility," such as "self-care and personal hygiene." Pl. Memo. at 13.

Contrary to Plaintiff's contention, while the ALJ did not specifically identify what ADLs he was referring to, AR 32 ("Dr. Feldman opined moderate impairment in [ADLs], which is not supported by the objective evidence"), it is apparent from Dr. Feldman's evaluation that the ALJ is referring only to sexual interest, activities, and sleep. In his evaluation, Dr. Feldman opined that Plaintiff largely had no ADLs impairments. AR 894 (stating that, "[f]rom a psychiatric perspective," Plaintiff has no impairment in attendance to his self-care and personal hygiene, no impairment in communication, no impairment in travel, no impairment in sensory function, and no impairment in hand activities). But Dr. Feldman further opined that Plaintiff "has … moderate impairment in sexual interest and activities, and sleep." *Id*. Given the foregoing, in stating that "Dr. Feldman opined moderate impairment" in ADLs, it is apparent that the ALJ meant the ADLs where Dr. Feldman actually found moderate impairment, *i.e.*, sexual interest, activities, and sleep. *Id.* at 894.

The ALJ ultimately found that Dr. Feldman's ADLs impairment opinion was not supported by the objective evidence as "discussed in the credibility findings" of his decision. *Id*. at 32. In those credibility findings, the ALJ noted that Plaintiff has reported performing certain activities that suggest, at most, a mild impairment. For example, the ALJ noted, *inter alia*, that Plaintiff reported being able to walk about a mile a day following his 2005 surgery; take care of his own hygiene and grooming; take care of his severely ill wife, monitor her medications, and manage both of their medical appointments; help with household chores; go shopping with his wife; and play with and babysit his two young grandchildren. *See id*. at 26, 616, 752, 786-87, 800, 818, 873, 958. Plaintiff also told Dr. Feldman, *inter alia*, that he attends "AA meetings two to three times a week and domestic violence classes[,] … goes to the gym twice a week and walks on the treadmill one hour twice a week." *Id*. at 873.

9

Moreover, Dr. Feldman's finding that Plaintiff's interest in sex is moderately impaired conflicts with other objective evidence in the record. On June 19, 2009, for example, James Gleisinger, Ph.D., noted that Plaintiff reported "a good libido," but stated that "he and his wife [had] far less sexual relations due to health issues." AR 800. And other opinions in the record further contradict Dr. Feldman's finding. On February 16, 2007, Katalin Bassett, M.D., noted that Plaintiff had sleep and sex drive issues, but opined that his ADLs impairment is mild. *Id.* at 794. In his June 19, 2009 report, Dr. Gleisinger opined that Plaintiff had no ADLs impairments. *Id.* at 823. On March 13, 2010, Minh-Hoi Duong, M.D., opined that Plaintiff's ADLs "are normal." *Id.* at 753. And the ME at Plaintiff's second administrative hearing, Joseph Malancharuvil, Ph.D., upon reviewing the evidence, opined that Plaintiff had mild restrictions of ADLs. *Id.* at 100. In light of the foregoing, the Court finds that the ALJ's determination is supported by substantial evidence in the record.

Lack of support in the record is a valid reason to discount a medical opinion. *Batson v. Commissioner,* 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJs may discredit an opinion that is unsupported by the record as a whole or by the objective medical findings); 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("[T]he more consistent an opinion is with the record as a whole, the more weight we will give to [it].").

Thus, the ALJ's third reason is a specific and legitimate reason.

On balance, the Court finds that the ALJ gave specific and legitimate reasons for giving Dr. Feldman's opinion only "partial weight" (and thus adopting some but not all of the various limitations stated therein), which are supported by substantial evidence in the record. Accordingly, the Court finds that the ALJ did not err.

/ / /
/ / /
/ / /
/ / /
/ / /

10

## V.

## CONCLUSION

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: October 30, 2015

*/s/ Rozella A. Oliver*
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

## NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**